E-FILED
Friday, 27 October, 2017 01:02:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 17-cv-3037 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Petitioner Christopher Jones has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A preliminary review of Petitioner's motion shows that the motion must be dismissed because Petitioner is not entitled to relief.

# I. BACKGROUND

In May 2015, the grand jury returned a seven-count Indictment against Petitioner. See United States v. Jones, Central District of Illinois, Springfield Division, Case No. 15-30023 (Crim. Case), Indictment (d/e 1). Petitioner ultimately pleaded guilty to two counts pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Crim. Case, Plea Agreement (d/e 18).

Petitioner pleaded guilty to Count 2, possession with intent to distribute heroin, and Count 3, carrying a firearm in furtherance of a drug trafficking crime. Crim. Case, June 1, 2016 Minute Entry; June 21, 2016 Text Order. As part of the plea agreement, the parties agreed the appropriate sentence was 90 months' imprisonment on Count 2; 60 months' imprisonment on Count 3 to run consecutively to Count 2; a six-year term of imprisonment on Count 2 and a three-year term on Count 3, to run concurrently; no fine or restitution; and a $200 special assessment. Crim. Case, Plea Agreement ¶ 19 (d/e 18). The Government agreed to dismiss Counts 1, 4, 5, 6, and 7. Id. ¶ 7. Petitioner waived his right to appeal and collaterally attack his sentence with the exception of

claims of involuntariness or ineffective assistance of counsel. Id.
¶¶ 22-24. In September 2016, the Court accepted the plea agreement and sentenced Petitioner in accordance with the parties' agreement.

On February 14, 2017, Petitioner filed his § 2255 Motion.

## II. ANALYSIS

In his Motion, Petitioner identifies two grounds for relief—ineffective assistance of counsel and unconstitutional enhancement. The basis for both grounds is Petitioner's contention that his 60-month sentence for carrying a firearm in furtherance of a drug trafficking crime is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015).[1] The Court finds, however, that the motion and record clearly show that Johnson is inapplicable because Petitioner was sentenced under 18 U.S.C. § 924(c) for carrying a firearm in furtherance of a drug trafficking crime and not in furtherance of a crime of violence.

A brief explanation of the Armed Career Criminal Act and the Johnson case are necessary to put Petitioner's claim in context.

---

[1] The Court assumes, for purposes of this motion, that the plea agreement does not bar Petitioner's claim that counsel was ineffective for failing to raise this argument.

The Armed Career Criminal Act enhances the penalties for gun offenses under 18 U.S.C. § 922(g) when the defendant has three prior convictions for a violent felony, a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The residual clause of the Armed Career Criminal Act defines a "violent felony" to include a felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another [.]" 18 U.S.C. § 924(e)(2)(B)(ii). In <u>Johnson v. United States</u>, 135 S. Ct. 2551, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."

Petitioner seeks to apply the reasoning of <u>Johnson</u> to his conviction under 18 U.S.C. § 924(c). Under § 924(c), an individual convicted of using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime, or possessing a firearm in furtherance of such a crime, receives a five-year mandatory minimum sentence in addition to the punishment for the underlying crime. 18 U.S.C. § 924(c)(1)(A)(i). A "crime of violence" is defined at § 924(c)(3)(B) to include a felony "that by its

nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).[2]  The Seventh Circuit has extended the holding of Johnson to § 924(c)(3)(B) and found § 924(c)(3)(B) unconstitutionally vague.  United States v. Jackson, 865 F.3d 946, 954 (7th Cir. 2017) (but also noting disagreement within the Circuits).

Nonetheless, Petitioner is not entitled to relief.  Petitioner was convicted of carrying of a firearm in furtherance of a drug trafficking crime, not a crime of violence.  Therefore, the definition of crime of violence in § 924(c)(3)(B) was not implicated when Petitioner was sentenced.  Consequently, Petitioner is not entitled to relief.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the Court declines to issue a Certificate of Appealability.  A certificate may issue only if Petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Petitioner must

---

[2] Section 924(c)(3) also defines a crime of violence to include any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"  18 U.S.C. § 924(c)(3)(A).

show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Peterson v. Douma, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). Because the claims at issue do not satisfy this standard, the Court denies a Certificate of Appealability.

### IV. CONCLUSION

Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED. The Clerk is DIRECTED to notify Petitioner of the dismissal. The Court also denies a certificate of appealability. THIS CASE IS CLOSED.

**ENTER: October 25, 2017**

**FOR THE COURT:**

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE